UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case Number:

MOYA STATEN,

    Plaintiff,

vs.

THE GEO GROUP, INC.,

    Defendant.

_____/

## Complaint for Damages— Jury Trial Demanded

Plaintiff, Moya Staten, sues defendant The Geo Group, Inc., and as grounds shows:

## Introduction

1.    This is a race, gender, and disability discrimination action brought pursuant to The American with Disabilities Act, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act, §§ 760.01, et seq., FLA. STAT. ("FCRA"), by Moya Staten ("Staten"), human resources recruiting coordinator against defendant, The Geo Group, Inc. ("The Geo Group".)  After Staten, a female African American employee, applied for intermittent FMLA leave for her migraines, and after she complained to human resources that it

was not hiring minorities, The Geo Group  consistently denied her promotions and eventually terminated her.

## **Jurisdiction, Parties, Venue**

2.      This court has jurisdiction pursuant 28 U.S.C. §§ 1331 (federal question).  The court has supplemental jurisdiction to determine the state claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose there and the defendant is subject to personal jurisdiction there.

4.      At all material times, plaintiff Moya Staten, was a female, African American employee of The Geo Group, Inc., who suffered from migraines. As such, Staten was

        a.      an "employee" as envisioned by Title VII and the FCRA

        b.       a "qualified individual," as envisioned by 42 U.S.C. §§ 12111(8) and 12112(b)(4); and

        c.      protected by the anti-retaliation provisions of Title VII and the FCRA.

5.      At all times material, defendant The Geo Group, Inc. ("The Geo Group") was an "employer" as contemplated by  42 U.S.C. §12111(5) Title VII ,and FCRA.

## **Applicable Statutes**

6.      The ADA at 42 U.S.C. § 12102 ("Definition of disability") defines:

        a.      "disability," in pertinent part, as:

(1)     [W]ith respect to an individual —

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

or . . .

(C) being regarded as having such an impairment (as described in paragraph (3)).

b.     "Major life activities," in pertinent part, as including:

i.     "thinking, communicating, and working," and

ii.     "the operation of a major bodily function, including ... neurological, brain [and] circulatory ... functions.

c.     "Regarded as having such an impairment," in pertinent part, as being:

(3)(A). . . subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

7.     Title I of the ADA provides in pertinent part at 42 U.S.C. § 12112

("Discrimination"):

(a) General rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction. As used in subsection (a), the term "discriminate against a qualified individual on the basis of disability" includes —

(1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

8.      Title VII provides, in pertinent part, at 42 U.S.C. § 2000e-2(1)

that

It shall be an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race (or)... sex ...; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race (or) ... sex ....

9.      Title VII provides in pertinent part at 42 U.S.C. § 2000e-3(a)

that:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

10.     The FCRA provides at § 760.10(1), FLA. STAT., as follows:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, . . .  sex [or] handicap . . . .

(b)  To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race,  . . .  sex [or] handicap . . . .

11.    The FCRA provides in pertinent part at § 760.10(7), FLA. STAT.,

as follows:

> It is an unlawful employment practice for an employer . . . to
> discriminate against any person because that person has opposed any
> practice which is an unlawful employment practice under this section,
> or because that person has made a charge, testified, assisted, or
> participated in any manner in an investigation, proceeding or hearing
> under this section.

## Satisfaction of Conditions Precedent

12.    Staten, on or about October 22, 2019, filed a Charge of

Discrimination with the Equal Employment Opportunity Commission

("EEOC") pursuant to the Title VII, and the ADA which also satisfied the filing

requirements and perfected her rights under the FCRA.

13.    The EEOC issued Staten a Notice of Right to Sue dated January

30, 2020, within 90 days of which Staten is filing suit.

14.    The Florida Commission on Human Relations ("FCHR") deferred

its handling of the case to the EEOC without either conciliating or making a

finding adverse to Staten within 180 days of the filing of the Charge of

Discrimination.

## General Allegations

15.    The Geo Group hired Moya Staten as a human resources

recruiting coordinator on or about September 6, 2016.

16.    Plaintiff suffered from a disability, debilitating migraines, but she

could always performs the essential requirements of her job.

17.    In September 2017, Staten applied for intermittent FMLA leave

related to her migraines, which The Geo Group approved.

18.     After working in the same position for about two years, plaintiff began applying for promotions, for which she was qualified, but was passed over for other applicants:

a.     On or about July 2018, Staten applied for the Sr. HR Specialist Re-entry Position which was given to three other applicants — one of whom was white;

b.     On or about November 2018, Staten applied for the HR Coordinator Position, which was given to a white applicant, after her supervisor, Tom Arntz ("Arntz"), told the hiring manger that Staten was not a "good fit" for the position;

c.     On or about December 2018, Staten applied for a recruiter re-entry position, which was given to a white applicant;

d.     On or about December 2018, Staten applied for a Recruiter position but was not given the job after the hiring manager spoke with Arntz, who had informed the hiring manger that Staten had migraines.

19.     Up until early 2019, The Geo Group was not hiring enough minorities, and in February 2019 Staten complained to the HR department about this.

20.     Shortly thereafter, in February 2019, Staten applied for another promotion, but it was given to another, less qualified male applicant, after Arntz stated that the job may be too stressful for individuals who have migraines.

21.    On April 8, 2019, Staten passed out at work, due to her medical condition, and had to miss work for one week.

22.    When she returned, Arntz took away Staten's background check duties and knowingly put her on a job that would aggravate Staten's condition.

23.    Staten was confident that her migraines did not affect her ability to perform her duties, and on or about, April 2019, Staten applied for the HR Specialist position.

24.    The interviewer told Staten that she was an excellent candidate for the position, but that she could not offer her the position until her boss spoke with Arntz.  Staten did not get the position.

25.    Plaintiff was fired on May 28, 2019.

### Count I - Disability Discrimination Under Title I of the ADA: Actual Disability

26.    Staten realleges and adopts, as if they were fully set forth in this Count all of the allegations of paragraphs 1-3; 4 b.; 5-7; 12-13; 15-18; and 20-25.

27.    Staten's application for FMLA leave for migraines indicated to The Geo Group that Staten suffered from an impairment that substantially limited one or more of a major life activity.

28.    When Staten had her migraines, she could not go to work, drive, or perform all normal daily activities.

29.    In addition to the allegations referenced herein, during the December 2018 interview for a recruiter re-entry position, Arntz again

informed Staten that the job is stressful and may not be a good fit for her, given her headaches.

30.   The Geo Group took adverse actions against Staten, when it refused her promotions or job opportunities, and terminated her because she suffered a disability.

31.   The Geo Group's actions were, therefore, in violation of the anti-discrimination provisions of the ADA.

32.   As a direct, natural, and proximate result of The Geo Group's wrongful actions, State has suffered damages, including but not limited to, lost wages, loss of earning capacity, and mental anguish.

33.   The actions of defendant and its managing agents constituted a wilful and wanton violation of Staten's statutory rights against discrimination, entitling her to recover punitive damages.

34.   Staten additionally is suffering irreparable harm by being deprived of her federal statutory right against discrimination, for which there is not adequate remedy at law.

35.   Staten is entitled to recover her reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 12133.

WHEREFORE, plaintiff, Moya Staten, respectfully requests this Court to enter judgment for her and against defendant, The Geo Group:

**One**, determining and declaring that The Geo Group's treatment of Staten was in violation of Staten's rights under Title I of the ADA;

*Two*, enjoining defendant, its management and/or agents, from discriminating against plaintiff, and affirmatively to make her whole, including reinstatement, with restoration of seniority and benefits, or if that is not practical, award her front pay;

*Three*, granting judgment against The Geo Group for damages, including compensatory and punitive damages;

*Four*, awarding Staten her attorney's fees and litigation expenses; and

*Five*, granting such other and further relief as is just.

## Count II - Disability Discrimination Under Title I of the ADA: Perceived Disability

36.    Staten realleges and adopts, as if they were fully set forth in this Count all of the allegations of paragraphs 1-3; 4 b.; 5-7; 12-13; 15-18; 20-25, and 28-29.

37.    The Geo Group perceived that Staten suffered from an impairment when Staten's applied for FMLA due to her migraines.

38.    The Geo Group took adverse actions against Staten, when it refused her promotions or job opportunities, and terminated her because it perceived her as suffering a disability.

39.    The Geo Group's actions were, therefore, in violation of the anti-discrimination provisions of the ADA.

40.    As a direct, natural, and proximate result of The Geo Group's wrongful actions, State has suffered damages, including but not limited to, lost wages, loss of earning capacity, and mental anguish.

41.    The actions of defendant and its managing agents constituted a wilful and wanton violation of Staten's statutory rights against discrimination, entitling her to recover punitive damages.

42.    Staten additionally is suffering irreparable harm by being deprived of her federal statutory right against discrimination, for which there is not adequate remedy at law.

43.    Staten is entitled to recover her reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 12133.

WHEREFORE, plaintiff, Moya Staten, respectfully requests this Court to enter judgment for her and against defendant, The Geo Group:

*One*, determining and declaring that The Geo Group's treatment of Staten was in violation of Staten's rights under Title I of the ADA;

*Two*, enjoining defendant, its management and/or agents, from discriminating against plaintiff, and affirmatively to make her whole, including reinstatement, with restoration of seniority and benefits, or if that is not practical, award her front pay;

*Three*, granting judgment against The Geo Group for damages, including compensatory and punitive damages;

*Four*, awarding Staten her attorney's fees and litigation expenses; and

*Five*, granting such other and further relief as is just.

## **Count III: Race Discrimination in Violation of Title VII**

44.    Staten realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1-4 a.; 5; 8; 12; 13; 15; 16; 18-20; and 22-25.

45.    The Geo Group's behavior towards Staten was based on her race and, thus, constituted race discrimination as proscribed by 42 U.S.C. § 2000e-2(a).

46.    As a direct, natural, proximate and foreseeable result of the actions of The Geo Group, Staten has suffered past and future pecuniary losses,  emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47.    The discrimination that Staten is suffering, in violation of the statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

48.    Staten is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Moya Staten, prays that this Court will:

***One***, issue a declaratory judgment that defendant's practices toward plaintiff violated her rights against race discrimination under Title VII;

***Two***, enjoin defendant, its management employees and/or agents to cease discriminating against plaintiff, to make her whole through back pay and restoration of seniority and benefits;

*Three*, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Four*, grant plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Five*, grant plaintiff such other and further relief as the circumstances and law provide.

### Count IV: Title VII Retaliation

49.     Staten realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1-3; 4 a.; 4 c.; 5; 8-9; 12-13; 15-16; 18-20; and 22-25.

50.     Staten had a good faith belief that the failure to hire African Americans in higher numbers was race discrimination in violation of Title VII and the FCRA.

51.     The adverse actions of defendant, including, but not limited to denying her promotions, job opportunities, and eventually termination, violated plaintiff's rights against retaliation for complaining about or opposing unlawful employment practices, including by her internal complaints, which retaliation is proscribed by Title VII.

69.     As a direct, natural, proximate and foreseeable result of the actions of The Geo Group, Staten has suffered past and future pecuniary losses,  emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52.     The discrimination that Staten is suffering, in violation of the statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

53.     Staten is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Moya Staten, prays that this Court will:

*One*, issue a declaratory judgment that defendant's practices toward plaintiff violated her rights against retaliation under Title VII;

*Two*, enjoin defendant, its management employees and/or agents to cease retaliating against plaintiff, to make her whole through back pay and restoration of seniority and benefits;

*Three*, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Four*, grant plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Five*, grant plaintiff such other and further relief as the circumstances and law provide.

### Count V: Sex Discrimination in Violation of Title VII

54.     Staten realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1-3; 4 a.; 5; 8; 12-13; 15-16; 18; 20; and 22-25.

55.    In addition, on or about March 14, 2019, Staten overheard Arntz say to the individual who eventually got the position for which she had applied, "[w]e need a man in the department. There are too many women."

56.    The Geo Group's behavior towards Staten was based on her sex and, thus, constituted sex discrimination as proscribed by 42 U.S.C. § 2000e-2(a).

57.    As a direct, natural, proximate and foreseeable result of the actions of The Geo Group, Staten has suffered past and future pecuniary losses,  emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58.    The discrimination that Staten is suffering, in violation of the statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

59.    Staten is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff, Moya Staten, prays that this Court will:

*One*, issue a declaratory judgment that defendant's practices toward plaintiff violated her rights against sex discrimination under Title VII;

*Two*, enjoin defendant, its management employees and/or agents to cease discriminating against plaintiff, to make her whole through back pay and restoration of seniority and benefits;

*Three*, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Four*, grant plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Five*, grant plaintiff such other and further relief as the circumstances and law provide.

## Count VI: Handicap Discrimination under FCRA

60.     Staten realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1-3; 4 a.; 5; 10; 12-18; 20-25; and 27-29.

61.     Defendant's behavior towards plaintiff was based on her handicap or perceived handicap, and, thus, constituted a handicap discrimination as proscribed by the FCRA.

62.     As a direct, natural, and proximate result of The Geo Group's wrongful actions, State has suffered damages, including but not limited to, lost wages, loss of earning capacity, and mental vanquish.

63.     The actions of defendant and its managing agents constituted a wilful and wanton violation of Staten's statutory rights against discrimination, entitling her to recover punitive damages.

64.     Staten additionally is suffering irreparable harm by being deprived of her federal statutory right against discrimination, for which there is not adequate remedy at law.

65.     Staten is entitled to recover her reasonable attorney's fees and litigation expenses pursuant to § 760.11(5) FLA. STAT.

WHEREFORE, plaintiff, Moya Staten, respectfully requests this Court to enter judgment for her and against defendant, The Geo Group:

*One*, determining and declaring that The Geo Group's treatment of Staten was in violation of Staten's rights under the FCRA;

*Two*, enjoining defendant, its management and/or agents, from discriminating against plaintiff, and affirmatively to make her whole, including reinstatement, with restoration of seniority and benefits, or if that is not practical, award her front pay;

*Three*, granting judgment against The Geo Group for damages, including compensatory and punitive;

*Four*, awarding Staten her attorney's fees and litigation expenses; and

*Five*, granting such other and further relief as is just.

### Count VII: Race Discrimination under FCRA

66.    Staten realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1-3; 4 a.; 5; 10; 12-16; 18-20; and 22-25.

67.    Defendant's behavior towards plaintiff was based on her race, and, thus, constituted a race discrimination as proscribed by the FCRA.

68.    As a direct, natural, and proximate result of The Geo Group's wrongful actions, State has suffered damages, including but not limited to, lost wages, loss of earning capacity, and mental anguish.

69.    The actions of defendant and its managing agents constituted a wilful and wanton violation of Staten's statutory rights against discrimination, entitling her to recover punitive damages.

70.    Staten additionally is suffering irreparable harm by being deprived of her federal statutory right against discrimination, for which there is not adequate remedy at law.

71.    Staten is entitled to recover her reasonable attorney's fees and litigation expenses pursuant to § 760.11(5) FLA. STAT.

WHEREFORE, plaintiff, Moya Staten, respectfully requests this Court to enter judgment for her and against defendant, The Geo Group:

**One**, determining and declaring that The Geo Group's treatment of Staten was in violation of Staten's rights under the FCRA;

**Two**, enjoining defendant, its management and/or agents, from discriminating against plaintiff, and affirmatively to make her whole, including reinstatement, with restoration of seniority and benefits, or if that is not practical, award her front pay;

**Three**, granting judgment against The Geo Group for damages, including compensatory and punitive;

**Four**, awarding Staten her attorney's fees and litigation expenses; and

**Five**, granting such other and further relief as is just.

### Count VIII: Retaliation FCRA

72.    Staten realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1-3; 4 a.; 4 c.; 5; 10-16; 18-20; and 22-25.

73.    Staten had a good faith belief that the failure to hire African Americans in higher numbers was race discrimination in violation of Title VII and the FCRA.

74.    The adverse actions of defendant, including, but not limited to denying her promotions, job opportunities, and eventually termination, violated plaintiff's rights against retaliation for complaining about or opposing unlawful employment practices, including by her internal complaints, which retaliation is proscribed by the FCRA.

75.    As a direct, natural, and proximate result of The Geo Group's wrongful actions, State has suffered damages, including but not limited to, lost wages, loss of earning capacity, and mental anguish.

76.    The actions of defendant and its managing agents constituted a wilful and wanton violation of Staten's statutory rights against discrimination, entitling her to recover punitive damages.

77.    Staten additionally is suffering irreparable harm by being deprived of her federal statutory right against discrimination, for which there is not adequate remedy at law.

78.    Staten is entitled to recover her reasonable attorney's fees and litigation expenses pursuant to § 760.11(5) Fla. Stat.

WHEREFORE, plaintiff, Moya Staten, respectfully requests this Court to enter judgment for her and against defendant, The Geo Group:

**One**, determining and declaring that The Geo Group's treatment of Staten was in violation of Staten's rights under the FCRA;

**Two**, enjoining defendant, its management and/or agents, from discriminating against plaintiff, and affirmatively to make her whole,

including reinstatement, with restoration of seniority and benefits, or if that is not practical, award her front pay;

*Three*, granting judgment against The Geo Group for damages, including compensatory and punitive;

*Four*, awarding Staten her attorney's fees and litigation expenses; and

*Five*, granting such other and further relief as is just.

### Count IX: Sex Discrimination under FCRA

79.   Staten realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1-3; 4 a.; 5; 10-16; 18; 20; 22-25; and 55.

80.   Defendant's behavior towards plaintiff was based on her sex, and, thus, constituted a sex discrimination as proscribed by the FCRA.

81.   As a direct, natural, and proximate result of The Geo Group's wrongful actions, State has suffered damages, including but not limited to, lost wages, loss of earning capacity, and mental anguish.

82.   The actions of defendant and its managing agents constituted a wilful and wanton violation of Staten's statutory rights against discrimination, entitling her to recover punitive damages.

83.   Staten additionally is suffering irreparable harm by being deprived of her federal statutory right against discrimination, for which there is not adequate remedy at law.

84.   Staten is entitled to recover her reasonable attorney's fees and litigation expenses pursuant to § 760.11(5) FLA. STAT.

WHEREFORE, plaintiff, Moya Staten, respectfully requests this Court to enter judgment for her and against defendant, The Geo Group:

*One*, determining and declaring that The Geo Group's treatment of Staten was in violation of Staten's rights under the FCRA;

*Two*, enjoining defendant, its management and/or agents, from discriminating against plaintiff, and affirmatively to make her whole, including reinstatement, with restoration of seniority and benefits, or if that is not practical, award her front pay;

*Three*, granting judgment against The Geo Group for damages, including compensatory and punitive;

*Four*, awarding Staten her attorney's fees and litigation expenses; and

*Five*, granting such other and further relief as is just

### Demand for Jury Trial

Staten demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Karen Coolman Amlong*
KAREN COOLMAN AMLONG
Florid Bar No. 275565
Kamlong@TheAmlongFirm.com
WILLIAM R. AMLONG
Florida Bar No. 470228
WRAmlong@TheAmlongFirm.com
RANI NAIR BOLEN
Florida Bar No. 29293
Rbolen@TheAmlongFirm.com
The Amlong Firm
500 Northeast Fourth Street
Fort Lauderdale, Florida  33301-1154
(954) 462-1983

*Attorneys for the Plaintiff*